# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

BRENT ALAN BARKER,

Debtor.

Case No. A09-00585 DMD

Chapter 13

**Filed On 1/11/10**

## MEMORANDUM ON APPLICATION FOR ALLOWANCE AND PAYMENT OF ATTORNEY FEES AND EXPENSES

Pending before the court is application of Justin Kalmbach for allowance and payment of attorneys fees and costs in this proceeding. Mr. Kalmbach requests an award of $5,000.00 in fees and $1,098.78 in costs. The application was duly noticed and no objections were filed.

The bankruptcy court may, in accordance with 11 U.S.C. § 330(a), award a professional representing a debtor "reasonable compensation for actual, necessary services rendered" to the debtor, as well as "reimbursement for actual, necessary expenses."[1] The court may award a professional compensation in a lesser amount than has been requested.[2] The court must ensure that attorneys who represent a debtor do so in the best interests of the bankruptcy estate, and that they charge reasonable fees for services which in fact benefit the estate.[3] To assist the court in determining whether requested fees or costs are, in fact, reasonable and necessary, fee applicants in this district must separately itemize each service

---

[1] 11 U.S.C. § 330(a)(1).

[2] 11 U.S.C. § 330(a)(2).

[3] *Neben & Starrett, Inc., v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 880 (9th Cir. 1995).

rendered with sufficient description to permit the court to make this determination.[4]  Entries for "research" or "telephone call" without further details are insufficient.[5]  Further, an attorney may not bill for time spent on researching general bankruptcy requirements, learning this court's local rules, or conferring with court staff regarding which forms are required for filing a bankruptcy petition.

My review of Mr. Kalmbach's fee application has raised many concerns.  First, his application notes that his total fees were $18,951.33, but he is only requesting an award of $5,000.  The grand total expended on this relatively simple chapter 13 case is excessive.  Typically, attorney's fees for chapter 13 cases in this district are in the range of $2,750.00 for consumer cases and $4,000.00 for business cases.[6]

Second, Mr. Kalmbach has billed a substantial amount of time for "self education."  For example, billing entries on June 23, 2009, and totaling 4.4 hours, are for researching local rules, finding applicable bankruptcy forms, and "meeting with clerk re required forms to file for Ch. 13."  Attorney time spent on these types of activities cannot be charged to the bankruptcy estate.

Further, because Mr. Kalmbach has "lumped" his fees, it is impossible to break out the allowable fees from those which cannot be allowed.  Again reviewing the time entries for June 23, 2009, one entry lumps time spent on "self eduction," which is not billable, with time spent meeting with the client and preparing that client's bankruptcy forms.  The latter services would be allowed by this court, but I can't tell how much time was spent on the

---

[4] Ak LBR 2016-1(c)(3).

[5] *Id.*

[6] *See* AK LBR 2016-1(h)(2).

2

allowable services. The services are not itemized and just one grand total of 2.2 hours is billed.

Next, the amounts requested do not appear to be mathematically correct. For example, Mr. Kalmbach has billed 0.20 hours on July 22, 2009, for a phone call. The amount requested is $30.33. Inexplicably, the entry just above for the same time increment shows the correct amount of $30.00 ($150.00 x 0.20 = $30.00). Similar mathematical errors are found throughout the billing invoice.

Finally, this is the second chapter 13 case filed by the debtor in 2009. The first one, *In re Barker,* Case No. 09-00424-DMD, was filed on June 26, 2009, and dismissed on August 19, 2009. This case was dismissed on the standing motion of the United States Trustee because the debtor hadn't obtained the required credit counseling and had been unable to attend his § 341 meeting. One reason why the overall fees are so high in this chapter 13 case is because Mr. Kalmbach has included the fees he billed in the earlier chapter 13 case. The fees itemized on his billing invoice from June 22, 2009, through August 19, 2009, when the first case was dismissed, exceed $10,000.00.

Because Mr. Kalmbach has also included costs from the first chapter 13 case, the expenses requested here are also more than is typical. He has included the filing fees for both the first and second chapter 13 case, for a grand total of $548.00. The itemized costs also include two $10.00 courier service charges and $3.75 in facsimile charges. Courier charges are considered non-reimbursable overhead and will not be allowed. Further, under guidelines established by the United States Trustee in this district, facsimile charges are allowable as follows: $0.35 per page for outgoing long distance facsimiles (in lieu of actual long distance charge), and $0.20 for incoming facsimiles. No charge is allowable for local outgoing facsimiles. Since the billing itemization does not designate whether the facsimile

3

is for a local, long distance, or incoming transmission, the $3.75 billed for facsimile charges will not be allowed.

Also under the United States Trustee's guidelines, in-house photocopies are allowed at the rate of $0.20 per page. If the total photocopy charge exceeds $100.00, the court will often reduce this allowable amount to $0.10 per page. Mr. Kalmbach's billing itemization lists a total of $246.00 for in-house photocopies. The per page billing rate is not provided, but it appears the copies may have been billed at $0.25 per page (for a total of 984 pages). The photocopy charge will be reduced to $0.10 per page, and a total of $98.40 will be allowed for photocopies.

The total costs requested will be reduced as indicated above. I will, however, allow some of the other the costs incurred in the first chapter 13 case. Mr. Kalmbach's firm advanced the fee for the debtor's credit counseling, the two filing fees and other necessary costs. He will be allowed to recover those expenses. After deducting the facsimile and courier charges, and reducing the amount requested for photocopies, as indicated above, I will allow a total of $927.43 in costs.

The debtor's chapter 13 plan has been confirmed. The confirmed plan estimated a total of $5,649.00 in estimated attorney's fees and costs. The total award requested by Mr. Kalmbach exceeds this estimate by $449.00. AK LBR 2016-1(h)(1)[D] provides that attorneys fees for a chapter 13 debtor will not be allowed in excess of the amount designated in the chapter 13 plan "absent a showing of extreme or unusual circumstances by the applicant." No extreme or unusual circumstances exist here. Accordingly, the total to be awarded here will be $5,649.00. However, the court will allocate this total as follows: $927.43 for costs and $4,721.57 for fees. This award is made with hesitation; I feel that even this reduced total for fees is high for this relatively uncomplicated

4

chapter 13 case. It will be allowed in this instance because the debtor's plan provides for full payment to the unsecured creditors.

An order will be entered consistent with this memorandum.

DATED: January 11, 2009

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  J. Kalmbach, Esq.
       D. Fenerty, Esq.
       P. Hallgrimson, Esq.
       L. Compton, Trustee
       U. S. Trustee

01/11/10